WILLIAM G. THOMPSON & another, executors, *vs.* ALICE H. PEW & others.

Suffolk. December 4, 1912. — May 23, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Devise and Legacy. Power. Words, "Devise," "Legacy."*

The provision of R. L. c. 135, § 21, that, if a devise or legacy is made to a relation of the testator who dies before the testator leaving issue surviving the testator, such issue shall take the property devised or bequeathed unless a different disposition is required by the will, applies to a devise or legacy made by the exercise of a general power of testamentary appointment where the devisee or legatee was a relation of the testator but was not a relation of the donor of the power.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 19, 1912, by the executors of the will of Mary Huntington Cooke, widow of Josiah P. Cooke, late of Cambridge, for instructions upon the question which is stated in the opinion.

By agreement of the parties the case was reserved by *Sheldon,* J., upon the bill and answers for determination by the full court.

*W. G. Thompson,* executor, *pro se,* stated the case.

*G. D. Burrage,* for the children of William R. Huntington.

*C. E. Shattuck,* as trustee and for Oliver W. Huntington.

*W. A. Pew,* for Alice H. Pew, submitted a brief.

HAMMOND, J. Under her husband's will Mrs. Cooke took a life estate in the residue of his property, "with full power to dispose of the whole by will." Intending to exercise this power she made a will, in the thirteenth clause of which she under the power bequeathed $10,000 to her brother William R. Huntington, who bore no relation to her husband except that of a brother-in-law. He died before her, leaving as his only heirs four children, all of whom are still living. The object of this bill is to ascertain to whom this $10,000 shall be paid.

There are three contentions made by the respondents respectively as follows: First, that it goes to the four children of William R. Huntington; second, that it goes to the residuary legatees named in the forty-third item of the will of Mrs. Cooke; and

third, that it goes to Alice H. Pew under the will of Josiah P. Cooke, the donor of the power.

In logical sequence the first question is whether the legacy goes to the children of William R. Huntington. The general rule of common law is that if a legatee dies after the making of a will and before the death of the testator the legacy lapses. *Ballard* v. *Ballard,* 18 Pick. 41, 43. And it is conceded that the same rule would apply in case of the death of an appointee in a will before that of the appointor. But to this rule there long has been an exception, the present expression of which appears in R. L. c. 135, § 21, as follows: "If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator." If this statute can be applied in the interpretation of the thirteenth clause of the will, the question must be answered in the affirmative; otherwise, in the negative.

R. L. c. 135, in which this section occurs, is entitled "Of Wills," and is the general chapter which, *inter alia,* declares what persons may make wills, prescribes the manner in which wills may be executed, makes provision for their safe keeping during the life of the testator, and gives certain rules of construction among which is the section above quoted. In the first section it speaks only of the will of a person who is disposing of "his property real and personal," and nowhere is there any express mention of a will made in the execution of a power except in § 9, which exempts from the revocation of a will by marriage a will "made in the exercise of a power of appointment." A study of the chapter indicates that it is dealing primarily with the will of a person dealing with his own property. It is to be noted also that technically there is a difference between a devise or legacy and a gift in the form of a testamentary appointment under a power. "The theoretical distinction is, that a will concerns the estate of the testator, and an appointment under a power that of the donor of the power." W. Allen, J., in *Osgood* v. *Bliss,* 141 Mass. 474, 477. If therefore our attention be confined to the statute alone, it would seem as if it could have no office in the interpretation of the clause in question.

But there is something else to be considered. A power may be to appoint by deed or will, either or both, according to the terms of the instrument creating the power. If the appointment is to be by deed, then the instrument must be signed, sealed and delivered like a deed, and when it is so executed and delivered the appointment is made and is irrevocable. If the appointment is to be by will, then the instrument must be executed in the manner prescribed by law for the execution of wills. And even when it is executed it is not irrevocable. The document, like a will, is ambulatory during the life of the appointor and may be at any time revoked in whole or in part by him. Even after the death of the appointor the document to be effectual must be allowed by the Probate Court as the will of the appointor. In other words, when the appointment is to be made by will, the legal inference is that, so far at least as respects the execution of the instrument and its final establishment as the will of the appointor, the rules of law prescribing the manner of the execution and probate of a will shall apply. *Osgood* v. *Bliss, ubi supra,* p. 477. *Heath* v. *Withington,* 6 Cush. 497, and cases cited. And this is so even if the document in which the appointment is made is void as a will of a married woman as to her own property named therein. *Heath* v. *Withington, supra.*

How shall the language of the document be construed? On this subject the following illuminating words are used by Jessel, M. R., in *Freme* v. *Clement,* 18 Ch. D. 499, 504: "A power of appointment is a power of disposition given to a person over property not his own by some one who directs the mode in which that power shall be exercised by a particular instrument. I consider that the donor of the power must mean it to be exercised according to the law governing that particular instrument. If, therefore, it is a power to be exercised by deed or will, in my opinion it must be exercised, if by deed, by an instrument executed in the mode in which the law requires a deed to be executed, that is, sealed and delivered; and it must also, when executed, be subject to the law which governs the construction of a deed. It must be in all respects a deed, and be treated in all respects as a deed: so that, if there were a power to appoint a freehold estate by deed, and a person exercising the power simply appointed it to A. B., without the necessary words of

limitation superadded, A. B. would take for life only. If, on the other hand, the power were exercised by will, and assuming for this purpose the power to have been created after the passing of the Wills Act, then the appointment in the same words would give the fee simple." And in *Osgood* v. *Bliss*, 141 Mass. 474, this court (p. 477) in the same line of thought says that "the difference between the execution of a power by will and by deed is, that the former must be by an instrument allowed in the Probate Court as executed in the manner of a will, and which is to be construed by the rules applicable to the construction of wills, and such an appointment is always revocable; the latter must be by an instrument under seal, and may be irrevocable."

In the present case the power was of the broadest and most general nature. The appointment might be made to any kind of legatee and for any lawful object. With the exception of a difference in the application of the rule against perpetuities founded upon the fact that the property to be given was to come from her husband and not from her except as the appointor, the testatrix had the same power of testamentary disposition over it as over her own. In a long line of cases beginning with *Amory* v. *Meredith*, 7 Allen, 397, it is held that, in the absence of anything in the will to show a contrary intention such a general power is well executed by a general residuary clause even where there is no mention of the power in the will. See *Stone* v. *Forbes*, 189 Mass. 163, and cases cited. In *Fiske* v. *Fiske*, 173 Mass. 413, it was held that a widow who waived under our statute the provisions of her husband's will in her favor could not avail herself of a provision for her in the will which operated as an appointment of property under a trust deed. And it is settled that where a person has a general power of appointment, either by deed or by will, and executes the power, the property appointed is deemed in equity a part of his assets, and subject to the demands of his creditors in preference to the claims of his voluntary appointees or legatees. *Clapp* v. *Ingraham*, 126 Mass. 200. *Olney* v. *Balch*, 154 Mass. 318.

The donee of a power to be exercised by will must be regarded as the testator *pro hac vice*. Indeed when the power is created by deed and is to be executed by will, the donee is the only person who performs any testamentary act. It can make no differ-

ence as to the nature of the power, or the relation sustained by the appointor to the appointee, whether the power be created by deed or by will. The appointor then is the testator; he is the person who makes the will; he, in the absence of anything in the will to the contrary, and not the donor of the power, is the person whose relationship to the appointee is to be considered wherever by statute or otherwise relationship between the person giving and the person receiving by will is material.

And this is not all. The donee of a power to be exercised by will is *ipso facto* authorized to use the language of a will, and he is to be understood as using that language in the same way in which testamentary language is used. Shortly stated, his authority is to act as a testator and to speak as a testator, and his words are to be interpreted as those of a testator.

Notwithstanding the technical difference between a testamentary gift of one's own property and a testamentary gift in the exercise of a power of appointment, we are of opinion that the terms "devise" and "legacy" as used in R. L. c. 135, § 21, are broad enough to include any testamentary gift, and that in view of the relation sustained by the donee of a general power to be exercised by will to the property which is the subject of the general power, and of the nature of a will and the general rules of law for its construction, and of the various considerations hereinbefore mentioned, the statute should be so construed.

Under this construction in the present case, Mrs. Cooke being the testatrix, and the legatee named in the article in question being her brother, the legacy does not lapse but goes to her brother's children. Such is the result not of the statute alone, nor of the power alone, but of both combined.

We do not regard this result as in any way inconsistent with that reached in *Emmons* v. *Shaw*, 171 Mass. 410, and similar cases, where it is held that the donor of a power rather than the donee must be regarded as the decedent whose estate is liable to taxation under St. 1891, c. 425, the act imposing a tax upon collateral legacies and successions.

Upon the general principles of law involved, see in addition to cases hereinbefore cited, *Sewall* v. *Wilmer*, 132 Mass. 131; *Blagge* v. *Miles*, 1 Story, 426; *Griffiths* v. *Gale*, 12 Sim. 327, 354; *Eccles* v. *Cheyne*, 2 Kay. & John. 676; *Freme* v. *Clement*, 18 Ch.

D. 499; *Holyland* v. *Lewin,* 26 Ch. D. 266; *Lyndall's estate,* 2 Penn. Dist. 476; *Isham* v. *New York Association for Poor,* 177 N. Y. 218.

It becomes unnecessary to consider the other questions submitted.

In accordance with this opinion there is to be a decree in favor of the four respondents, the children of William R. Huntington, the legatee named in the thirteenth clause of Mrs. Cooke's will.

*So ordered.*