H. W. HOGARTH-SWANN & another *vs.* EDITH N. WEED & others.

Middlesex.   May 22, 23, 1930. — January 7, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Parties, Jurisdiction.   *Power.*   *Will*, Validity as exercise of power of appointment.

Statement by RUGG, C.J., of the principles of law applicable to the exercise, by will of the donee, of a power of appointment given in the will of the donor.

A father by his will created a trust fund and gave his son power of appointment by will over it in the event of the son's dying without issue, and further provided that, in default of issue of the son and of exercise by him of such power of appointment, the fund was to be given "to such person or persons as would have been my heirs at law had I died intestate immediately after the death of my said son."   The

son died without issue leaving what purported to be a will exercising the power and also giving a legacy to an aunt, sister of his mother, who was his sole next of kin and who assented to proof of the will. Cousins of the son, children of deceased brothers and a sister of the father, who would have been the father's next of kin had he died intestate immediately after the death of the son, moved to be admitted as parties respondent to contest the allowance of the son's will. The executor named in the will moved that their appearances be struck out. The judge of probate allowed the motions of the cousins and denied the motion of the executor. The executor appealed. *Held,* that

(1) In the circumstances, the cousins, although not next of kin of the son, the alleged testator, and not persons interested in his estate, were entitled to contest the allowance of such portions of his will as would effectuate an exercise of the power of appointment under the father's will;

(2) The order of the Probate Court was reversed and a single new interlocutory decree was ordered to be entered covering the motions, permitting the cousins to become parties respondent solely for the limited purpose of contesting the allowance of the instrument offered for probate as the will of the son so far as it was an exercise of the power of appointment under the will of the father and of urging that any decree allowing that instrument as the will of the son be restricted in its effect to the estate of the son and exclude from its scope the property of the estate of the father; and not allowing them to be parties for any other purpose and particularly denying them the right to contest the allowance of the instrument offered for probate as the will of the son so far as it operated as a disposition of the estate of the son.


PETITION, filed in the Probate Court for the county of Middlesex on February 7, 1930, for proof of the alleged will of Irving Harris Niles, late of Cambridge.

Appearances on behalf of Edith N. Weed and others to contest the allowance of the will were filed, and they moved that they be made parties for that purpose.

The executors moved that such appearances be struck from the record.

The motions were heard by *Leggat,* J. The motion of the executors was denied. Those of the contestants were allowed. The executors appealed.

*T. Hunt,* for the petitioners.

*J. P. Carr,* (*J. Harvey* with him,) for the respondents.

RUGG, C.J. This case concerns a petition for the allowance of an instrument purporting to be the last will of Irving Harris Niles, late of Cambridge in this Common-

wealth, deceased in 1930 unmarried and without issue. By that instrument disposition was made of all his own property and exercise was made of a power of appointment over other property. That power was conferred upon him by the will of his father, deceased a resident of this Commonwealth, proved and allowed in 1919, and related to a trust fund established under that will. It was provided by the will of the father that the trustees therein appointed should transfer the corpus of the trust, in default of issue of the son, "to such person, persons, or corporations as my said son may by his last will direct and appoint." Events that have come to pass present these circumstances: The only heir at law and next of kin of the son is his aunt, a sister of his deceased mother. For this aunt some provision is made in the instrument now offered for probate as the will of the son and she assents to its allowance, but no provision is made for numerous cousins, issue of two deceased brothers and a deceased sister of his father. These cousins now constitute those who would have been the heirs at law of the father had he died immediately after the death of the son, but are not heirs at law or next of kin of the son. By the terms of the will of the father, if the son failed to exercise the power of appointment, the property which was subject to that power of appointment was given "to such person or persons as would have been my heirs at law had I died intestate immediately after the death of my said son," with a proviso not here material. Thus, if the instrument offered for probate as the will of the son is proved and allowed and the exercise of the power of appointment therein exercised be valid, no part of the trust estate of the father will go to the heirs at law of the father; while, if that instrument is disallowed and the exercise of the power of appointment be invalid, that part of the estate of the father will go to those cousins of the son heretofore described. The question for decision is whether, in these conditions, those cousins of the son who would receive the trust estate of the father in default of exercise of the power of appointment by the son are entitled to

appear and be heard in opposition to the allowance of the instrument offered for probate as the will of the son.

Since these cousins are not heirs at law of the son, they have no standing as parties in interest in his estate. The statutes as to the proof of wills take no cognizance of the possible grievances of those not heirs at law of the deceased, or legatees under his will, or interested in his estate. By G. L. c. 192, § 2, it is provided: " If it appears to the probate court . . . that no person interested in the estate of a deceased person intends to object to the probate of an instrument purporting to be the will of such deceased, the court may grant probate thereof upon the testimony of one only of the subscribing witnesses . . . . If the probate of such instrument is assented to in writing by the widow or husband of the deceased, if any, and by all the heirs at law and next of kin, it may be allowed without testimony." The terms of G. L. c. 204, § 15, touching the adjustment by arbitration or compromise of controversies over the probate of a will, provide for an agreement to which " the persons named as executors, or the petitioners for administration with the will annexed, as the case may be, those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed arbitration or compromise, and those claiming the estate as intestate, shall be parties." It has been determined that, even under those provisions, a legatee under an instrument offered for probate as a will having interests adverse to those of other legatees, or adverse in some particular to those of the executors, may be permitted in the discretion of the court to become a party to a contest over the allowance of such will. It has also been held that one named as legatee under an earlier will given less or nothing under the instrument offered for proof as a will may participate in a contest over its allowance. *Conley* v. *Fenelon*, 266 Mass. 340, 344, and cases there reviewed. Those decisions rest upon the principle of manifest justice that commonly one's rights ought not to be precluded by the result of litigation wherein he has had no opportunity to assert his rights

and present his contentions. They find support in art. 11 of the Declaration of Rights of the Constitution to the effect that " Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character."

The cousins of the son who seek to contest his will, while they have no interest in his estate, are directly interested in the due execution of the power of appointment vested in the son by the will of his father because, in the event of failure of the appointment, they will share in the trust fund established under the will of his father according to the express terms of that will. A remedy ought to be afforded them in some form to be heard on a subject vitally affecting their financial interests.

The nature of the devolution of an estate by the exercise of a power of appointment has been settled by adjudications. The property to be appointed does not belong to the donee of the power, but to the estate of the donor of the power. By the creation of the power, the donor enables the donee to act for him in the disposition of his property. The appointee designated by the donee of the power in the exercise of the authority conferred upon him does not take as legatee or beneficiary of the person exercising the power but as recipient of a benefaction of the person creating the power. It is from the donor and not from the donee of the power that the property goes to the one who takes it. The right to exercise the power is not the property, and cannot be reached by the creditors, of the donee of the power. Only when the donee of the power has not sufficient property to pay his debts does the property which he actually has appointed by the exercise of the power become a part of his estate; and that is for the reason that, under the principles of equity, volunteers ought not to possess the property through his action to the exclusion of his creditors, in whose favor he is deemed to have owed a duty to appoint the property in such circumstances. *Harmon* v. *Weston,* 215 Mass. 242,

249. *Hill* v. *Treasurer & Receiver General,* 229 Mass. 474, 476. *Shattuck* v. *Burrage,* 229 Mass. 448, 451. *Minot* v. *Paine,* 230 Mass. 514, 519–521, and cases there reviewed. *United States* v. *Field,* 255 U. S. 257, 263. *Wachovia Bank & Trust Co.* v. *Doughton,* 272 U. S. 567, 575. The validity and effect of the instrument whereby the power of appointment as to personal property is exercised must be determined as to both form and substance by the law of the domicil of the donor and not of the donee of the power. An instrument may be invalid as a will according to the law of the domicil of the donee of the power, and yet be upheld in the domicil of the donor of the power as a valid testamentary instrument and thus operative as an exercise of the power of appointment. *Sewall* v. *Wilmer,* 132 Mass. 131, 136. *Walker* v. *Treasurer & Receiver General,* 221 Mass. 600, 603. Where the power contains the provision that it must be exercised by will and the donee of the power domiciled in another country executes an instrument invalid as a will under the law of his domicil but good as to form and substance in the country of the domicil of the donor of the power, where also is the property to be appointed, it has been held that that instrument must be proved as a will in the courts of the latter country for the purpose of affecting the property to be appointed, though perhaps not for other purposes. *Murphy* v. *Deichler,* [1909] A. C. 446. *In the Goods of Huber,* [1896] P. 209. *Prince de Bearn* v. *Winans,* 111 Md. 434, 465, 470. In a petition for the probate of such an instrument as a will to be operative on the appointed property alone, it is obvious that the heirs of the donee of the power, unless they would take in default of exercise of the power, would have no interest. It is equally obvious that those who, under the terms of the instrument creating the power, would take that property in default of a valid appointment are interested in such a petition.

It was said by Hammond, J., in *Thompson* v. *Pew,* 214 Mass. 520, 522: " A power may be to appoint by deed or will, either or both . . . . If the appointment is to be by

will, then the instrument must be executed in the manner prescribed by law for the execution of wills . . . . Even after the death of the appointor the document to be effectual must be allowed by the Probate Court as the will of the appointor. In other words, when the appointment is to be made by will, the legal inference is that, so far at least as respects the execution of the instrument and its final establishment as the will of the appointor, the rules of law prescribing the manner of the execution and probate of a will shall apply." The power of appointment of the trust fund under the will of the father in the case at bar can be exercised by the son " by his last will " and in that way alone. Our laws make no provision for the ascertainment of the last will of a deceased resident in any other way than by decree of the Probate Court. That is the sole method established under the laws of this Commonwealth to determine whether an instrument is a last will of a deceased resident. *Dublin* v. *Chadbourn,* 16 Mass. 433, 442. *Waters* v. *Stickney,* 12 Allen, 1, 3, 4. A decree of a probate court of competent jurisdiction allowing such will is final and conclusive upon all parties. It cannot be assailed or questioned in any proceeding in another court. *Parker* v. *Parker,* 11 Cush. 519, 524, 525. *Crippen* v. *Dexter,* 13 Gray, 330, 333. *Brigham* v. *Fayerweather,* 140 Mass. 411, 413. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, and cases collected. *Cousens* v. *Advent Church of Biddeford,* 93 Maine, 292, 295. *Whicker* v. *Hume,* 7 H. L. Cas. 124, 143, 144, 156, 165, 166. See *Thompson* v. *Nichols,* 254 Fed. Rep. 973, 982.

The instrument offered for probate as the will of the son in explicit words declares that it is made with the intention " to dispose not only of my own individual property but also of all property over which I have a power of appointment or disposition under the will of my father." Therefore, a general and unlimited decree of the Probate Court allowing as the will of the son the instrument offered for probate will inevitably result in the establishment of that instrument as an exercise of the power of appointment given to the son by the will of the father.

After such allowance, it will not be open to the cousins who now desire to contest the allowance of the instrument as the will of the son to dispute that that instrument is the will of the son. All contention on that subject will be foreclosed to them by the adverse decree of the Probate Court. There is no way in which the cousins can assert in litigation against the trustees under the will of the father by proceedings in equity or in the Probate Court that the instrument now offered for probate as the will of the son is not such will if and when that instrument shall be proved and allowed by general and unlimited decree of the Probate Court. Other courts are bound to accept such decree as finally establishing that instrument as the will. It follows that, if the cousins ever are to be heard on the issue whether that instrument is the will of the son for purposes of the appointment under the will of the father, it must be in the present proceeding. The opportunity to question later the interpretation and operation of the power of appointment must proceed upon the footing that the instrument is the will of the son.

It is apparent that in the case at bar these cousins who will share in the trust fund under the will of the father in default of exercise of the power of appointment by the son have no interest in the instrument offered for probate as the will of the son so far as it concerns the disposition of the estate of the son. The only heir at law of the son assents to the allowance of the proffered instrument as his will. Whether that assent is in writing does not appear and is not material in the present posture of the case. There is an incongruity in permitting those cousins to engage in contesting the proof of the instrument offered for probate as the will of the son so far as it concerns the disposition of the estate of the son. That is a subject in which they have no interest. They are strangers to his estate. Courts are not established to enable parties to litigate matters in which they have no interest affecting their liberty, rights or property. *Ensign* v. *Faxon,* 224 Mass. 145. *McGlue* v. *County Commissioners,* 225 Mass. 59. *Monroe* v. *Cooper,* 235 Mass. 33, 34. *De-*

*laney* v. *Cook,* 256 Mass. 203. *Godfrey* v. *Building Commissioner of Boston,* 263 Mass. 589. *Horton* v. *Attorney General,* 269 Mass. 503, 514. On the other hand, there would be injustice in not allowing them to contest the allowance of that instrument as a will operating as a power of appointment under the will of the father. The only opportunity open to them to be heard on that subject is in proceedings for the proof of the will of the son.

There are numerous instances in this Commonwealth where wills have been allowed to take effect in part and found to be void in part. *Deane* v. *Littlefield,* 1 Pick. 239. *Holman* v. *Perry,* 4 Met. 492. *Heath* v. *Withington,* 6 Cush. 497. *Ela* v. *Edwards,* 16 Gray, 91. *Sumner* v. *Crane,* 155 Mass. 483, 484. *Thomson* v. *Carruth,* 220 Mass. 77. *Rowe* v. *Collamore,* 238 Mass. 15, 19. These decisions need not be reviewed. The practical result flowing from them is that contests may be confined to a few or even to a single clause of an instrument offered for probate as a will and not affect other parts of the instrument. These decisions are not authorities governing the disposition of the case at bar. They afford more or less remote analogies for reaching what appears to us to be a just solution of the present problem. The cousins of the deceased son have no interest in his estate. They ought not to be allowed to engage his estate in useless litigation. Their only interest is in the exercise of a power of appointment under the father's will. All those interested in the estate of the son consent to the allowance of the instrument offered for probate as his will. There is no sound ground why their desires in this respect should not be given effect. It may be that, in the working out of this result, two decrees entered at different times may be necessary touching the allowance of the instrument offered for probate as the will of the son, one allowing it as a will but limited in its operation to the estate of the son, and excluding from its operation the property of the father's estate, and another either allowing or disallowing it (dependent upon the issue of the contest by the cousins) as a will in execution of the power

of appointment conferred by the will of the father. We are aware of no precedent for this procedure. But it seems to us not to differ in principle from that recognized and established by decisions already cited to the effect that an instrument may be disallowed as the will of a decedent by the courts· of his domicil and yet be established in another jurisdiction as a will in the exercise of a power of appointment. Its support .is that it appears to us to be more consonant with justice than any other available course. The law makes no specific provision for the situation here presented. It is the duty of the court to make the closest approach it can to doing absolute and exact justice. The distribution of the estate of the son and the exercise of the power of appointment under the will of the father relate to two separate and distinct entities. They are estates of different persons. They are quite disconnected. The estate of the son can be disposed of, or the power of appointment conferred by the will of the father can be exercised, either without affecting the other. The contest here presented can be likewise divided. It is difficult to conceive of a person leaving two wills, each valid and operative and capable of being proved and allowed. But the same difficulty does not attach to the entering of two separate decrees concerning one instrument offered for probate as a will, each dealing with distinct features or portions and both together covering the entire field.

The particular matters brought before us by this appeal and report arise on three motions; one by the petitioners for the probate of the instrument as the will of the son praying that the appearances of the cousins of the son as contestants be stricken from the record, the other two by two groups of the cousins praying that they be made parties to proceedings for the probate of that alleged will. Orders were entered granting the motions of the cousins and denying the motion of the petitioners. These orders are reversed. A single new interlocutory decree may be entered covering the three motions, permitting the cousins to become parties to the proceeding solely for the limited

purpose of contesting the allowance of the instrument offered for probate as the will of the son so far as it is an exercise of the power of appointment under the will of the father and of urging that any decree allowing that instrument as the will of the son be restricted in its effect to the estate of the son and exclude from its scope the property of the estate of the father; and not allowing them to be parties for any other purpose and particularly denying them the right to contest the allowance of the instrument offered for probate as the will of the son so far as it operates as a disposition of the estate of the son.

*Ordered accordingly.*