*681 OPINION.
Opper :
If the trust property passed by virtue of the exercise of a testamentary general power of appointment in Cassius, the value thereof is includible in his estate. We think the decree of the State Chancery Court, to which the trustee and executor resorted for instructions, establishes that it did and that such an adjudication forecloses the question here. Estate of Mary Adele Morris, 38 B. T. A. 408.
In a proceeding to which all those interested were apparently made parties, it was assarted:
* * * tliat under tbe Declaration of Trust above-described, which is now terminated, the net corpus of said trust and all accumulated and undisbursed net income of said corpus since the date of her death will likewise pass through *682 tlie estate of Cassius E. Wakefield to the residuary legatees of the said Cassius E. Wakefield aforedescribed except such part thereof as may be necessary to pay and discharge such legacies under the Last Will and Testament of Cassius E. Wakefield (other than his residuary legacy) as may not have been paid in full, in order to complete the payment thereof. * * *
and the court accordingly directed:
* * * that the trustee under the said Declaration shall proceed to pay from the corpus of said trust the legacies under the will of Cassius E. Wakefield in the order in which said legacies appear in the will of Cassius E. Wakefield, any residue of the trust estate remaining to pass under the residuary clause of the will of Cassius E. Wakefield.
This result was possible only on the assumption that a valid.power was effectively exercised by Cassius’ will; for otherwise the terms of the trust required that the property pass to his heirs at law, a totally different legal concept than his legatees, though by coincidence some might chance to be the same individuals. We think this disposition is conclusive. Sharp v. Commissioner, 303 U. S. 624, reversing (C. C. A., 3d Cir.), 91 Fed. (2d) 802.
While this should suffice to dispose of the elaborate arguments advanced by petitioner to demonstrate that there was no power and that none was exercised, it might be well to add that no specific mention of the power was necessary in Cassius’ will, since it is clear from the terms of the trust that any will would inevitably exercise it, as Cassius must have known, Title Guarantee & Trust Co. v. Ebaugh, 184 N. Y. S. 351; Boyes v. Cook, 14 Ch. Div. 53; Osgood v. Bliss, 141 Mass. 474; 6 N. E. 527; see Agnes Davis Exton et al., Executors, 33 B. T. A. 215 ; that provisions of Michigan law confined to trusts of personalty, even if otherwise applicable, need not detain us since at the time of the request for judicial construction the trust covered realty as well; and see Hutton v. Benkard, 92 N. Y. 295, 304, construing the New York Eevised Statutes from which the Michigan law was admittedly derived; that authorities establishing that a power can not be exercised before the donor’s death are, by their reasoning, confined to those cases where the power is given by a will, which of course is ambulatory and does not speak until death, and can not apply to a trust or other inter vivos estate completely and irrevocably created before the exercise of the power, Osgood v. Bliss, supra; Title Guarantee & Trust Co. v. Ebaugh, supra; Agnes Davis Exton, supra; and finally, that the doctrine of Helvering v. Grinnell, 294 U. S. 153, is inapplicable since here, by their answers to the bill of complaint in the chancery proceeding, the beneficiaries must be regarded as having elected to claim under the power, and thus to preclude the result that nothing passed thereunder. Mary Adele Morris, supra.
Since respondent has made it clear that if one of the petitioner estates is charged with the. property the other should be released, *683 we need not consider the tax liability of the Josephine Wakefield estate, nor determine whether her apparent desire to relieve herself of the care of her property during life is not a sufficient motive to dispose of the charge that the gift was made in contemplation of death, Estate of Caroline Foerderer Artman, 38 B. T. A. 1020, even though incidentally an ultimate disposition after death is also involved. See Thomas C. Boswell et al., Executors, 37 B. T. A. 970.

Decision will he entered under Bule SO.