Estate of Bertha M. Engel, Deceased, Glenn F. Turnbull and William A. Engel, Executors v. Commissioner.
Estate of Bertha M. Engel v. Commissioner
Docket No. 8347.
United States Tax Court
1947 Tax Ct. Memo LEXIS 325; 6 T.C.M. (CCH) 70; T.C.M. (RIA) 47014; January 29, 1947
Charles A. Wagner, Esq., and Alfred W. Massnick, Esq., 1881 Nat'l Bank Bldg., Detroit 26, Mich., for the petitioners. Clarence E. Price, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $13,370.76 in estate tax. The only issue for decision is whether inter vivos gifts which the decedent made to her children were made in contemplation of death. Findings of Fact The petitioners are the executors of the estate of Bertha M. Engel. The estate tax return was filed with the collector of internal revenue for the first district of Michigan. Bertha M. Engel died in Detroit, Michigan on April 25, 1942, when she was almost 82 years of age. The immediate cause of her death *326 was mitral regurgitation and an important contributory cause was anasacra. The decedent made the gifts here in question on December 31, 1934. That was about eight years prior to her death, when she was 74 years of age. She owned at that time her residence, worth $16,000, income producing real estate, worth $44,550, and cash and income producing securities in the amount of $36,869.86. She also owned five pieces of real estate which were non-income producing, and an undivided one-third interest in another property of which the remaining two-thirds were owned in equal shares by her son and her three daughters. The value of her interest in these six properties at that time was $61,100. The jointly owned property was producing some income. The decedent transferred her interest in the six properties last described in equal portions to her three daughters and her only son by deed. The income on the sixth property was about sufficient to pay the taxes on the other five. The transfers which the petitioner made on December 31, 1934 were not made in contemplation of death. The controlling motive of the decedent in making those gifts was her desire to give financial aid to her son and to *327 one of her daughters, thereby to relieve herself of their annoying appeals for assistance. The gifts to her other two daughters were made because of her desire to show no partiality among her children. A further motive of the decedent in making the gifts was her desire to be relieved of the burden of paying the annual real estate taxes on the non-income producing properties. The Commissioner, in determining the deficiency, added $57,858.01 to the value of the net estate with the explanation that the fair market value as of the date of the decedent's death of the interests in real estate made the subject of gifts by the decedent on December 31, 1934 should be included in the gross estate as transfers taxable under the provision of section 811 of the Internal Revenue Code. Opinion MURDOCK, Judge: The only contention advanced by the respondent is that the transfers of December 31, 1934 were made in contemplation of death within the meaning of that phrase as used in section 811(c) of the Internal Revenue Code. The decedent was in reasonably good health for a woman of her age at the time she made the gifts in question. She had worked *328 hard all of her life. She and her husband had made most of their money at truck gardening. She was used to doing much manual labor. She was alert, active, and the mistress of her home and affairs at the time she made the gifts to her children. Witnesses described her as "exceptionally well", "full of pep", "hale and hearty", "vivacious", "very aggressive", "in splendid health", and "always in good spirits" at or about the time of the gifts. Other evidence indicates that she was quite active almost up to the day of her death. She was independent, industrious, and self-reliant. She had never consulted a doctor until the fall of 1934. She then had some physical examinations in which it was determined that she had a floating kidney, but nothing was to be done about it. This condition did not bother her very much and did not lead to her death. It did not cause her to contemplate death in making the gifts. She was never confined to her bed until 1936 when she was confined for a short time due to a cold infection in her throat. She made her first will about a year and a half before her death. The decedent retained for herself ample securities and other income producing assets to take care *329 of her needs. The evidence shows satisfactorily that the gifts in question were not made in contemplation of death, but were made for purposes connected with life rather than death. The principal purpose was to give her son and her one daughter some property so that they would cease their appeals to her for assistance. Some of the properties were sold within a few years after the gifts were made. She consulted her son-in-law, in the summer of 1933, about making the gifts here in question. He had been an executive officer of a Detroit bank for many years and had advised the decedent from time to time after the death of her husband in 1926. She explained to him what she wanted done and he worked out the details for her. It was understood between them that she would not transfer her own income producing properties because she would need them for her own support, but she would transfer principally non-income producing properties which the donees could sell if they so desired. An employee of the bank, who was an assistant to the son-in-law, prepared the gift tax return and, as his own contribution, prepared an affidavit which was later attached to the return, in which the decedent swore *330 that the gifts were not made in contemplation of death. The respondent argues that this statement not only does not show that the gifts were not made in contemplation of death, but strongly indicates that the contemplation of death was uppermost in the mind of the decedent. It was obviously an attempt to make a case for the decedent. However, it appears to have been due to overzealousness on the part of a person who was trying to assist the decedent. She was not consulted about it. The affidavit is of little significance one way or the other in the light of the other evidence in the case. Cf. Estate of Caroline Foerderer Artman, 38 B.T.A. 1020. Decision will be entered for the petitioner.