Dolan, J.
Appellant was found responsible for two non-criminal motor vehicle infractions and assessments were imposed. He appealed to this division.
On July 24, 1986, a person, other than a police officer, applied to a clerk-magistrate of the Wareham District Court for complaints against the appellant as a result of an incident that occurred on July 9, 1986. After hearing, the clerk-magistrate declined to issue any criminal complaint against the appellant, but did find the appellant responsible for two separate noncriminal motor vehicle infractions. Appellant appealed these decisions for a de novo hearing before a judge. At the de novo hearing, the judge ruled that a person who is not a police officer may institute proceedings for alleged non-criminal motor vehicle infractions. The judge found the appellant responsible for the two non-criminal motor vehicle infractions and imposed assessments.
The appellant alleges that the judge was in error in ruling that a person who is not a police officer may institute proceedings for alleged non-criminal motor vehicle infractions. He does not dispute that there was sufficient evidence that, if believed by the judge, would warrant findings of responsibility.
Chapter 794 of the Acts of 1986 made significant changes in motor vehicle law. It became effective Julyl,1986, and applies to this case. Section 12 of that act provides in part that all automobile law violations for which the maximum assessment does not exceed $100 for the first offense and does not provide a penalty of imprisonment, shall be deemed civil motor vehicle infractions and not criminal offenses. All other motor vehicle offenses remain criminal.
Immediately prior to July 1,1986, G.L.c. 90C, § 4 read in part as follows:
“Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an automobile law violation, and such person need not show that the alleged violator has been issued a citation in connection with such violation.”
Effective July 1,1986, G.L. c. 90C, § 4 was amended to read in part as follows:
“Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an automobile law violation capable of being judicially heard and determined under subsection B of section three, and such person need not show that the alleged violator has been issued a citation in connection with such violation.”
Subsection B of section three referred to applies to motor vehicle offenses that remain criminal. Subsection A of section three of c. 90C applies to non-criminal motor vehicle infractions. There is no provision in G.L. c. 90C that *81 authorizes a person other than a police officer to seek to enforce non-criminal motor vehicle infractions.
The general rule in a non-criminal matter is that a person must have a private interest affecting his liberty, rights or property in order to institute legal proceedings. Hogarth-Swann v. Weed, 274 Mass. 125, 132 (1931). To the extent that the operation of a motor vehicle results in such an interest, regular civil tort remedies are available to a private individual. The Legislature may authorize private individuals to bring legal action even if they have no personal interest in the subject matter. Barrows v. Farnum’s Stage Lines, Inc., 254 Mass. 240, 243 (1926). If there is no such Legislative authorization, a private individual must call upon the appropriate enforcing officer to enforce the law, Woods v. Newton, 349 Mass. 373, 378 (1965).
The enforcement of non-criminal motor vehicle infractions is a public right to which a private individual has no direct personal interest. The Legislature has made police officers the enforcing officers of non-criminal motor vehicle infractions and has not authorized private individuals to institute such proceedings. The remedy of a private individual seeking to enforce a noncriminal motor vehicle infraction is to call upon a police officer to take action against a violator.
We conclude that the trial judge erroneously ruled that a person who is not a police officer may institute proceedings for alleged non-criminal motor vehicle infractions. We reverse the decision of the trial judge and find the defendant not responsible.