## Barlow *v.* Loomis and others.

(*Circuit Court, D. Vermont.* March 20, 1884.)

1. TRUST—POWER OF REVOCATION—FAILURE TO EXERCISE.
    A trust declared by testator during his life-time, with the privilege of revocation, will, if unrecalled, prevail over the title of a residuary legatee.
2. SAME—STATEMENT.
    Testator transferred stocks and bonds to L., upon trust to pay him the income while he lived, and after his death to transfer them to others, reserving the power, however, to revoke this disposition of the property at any time. He died, leaving the trusts unrevoked. *Held,* that the power of revocation died with him, and that upon his death the trusts became absolute.

In Equity.

*E. R. Hard,* and *A. G. Safford,* for orator.

*Daniel Roberts* and *Robert Roberts,* for defendants.

WHEELER, J. The orator is a residuary legatee under the will of Sidney Barlow, who, in his life, at three several times, delivered and transferred to the defendant Loomis stocks and bonds, under written agreements made between them, providing in two of them that Loomis should hold the stock and bonds in trust, to pay over the interest and dividends to Barlow during his life, and at his decease to transfer them to the other defendants; and in the other that Loomis should hold the bonds for the benefit of other defendants at the death of Barlow, reserving the right to him to demand and have the income while he should live, and to revoke the trust altogether and have the bonds returned to him if he should so elect. Loomis paid the income to Barlow during his life; he did not revoke the trust, but died leaving the stocks and bonds in the possession of Loomis. This bill

is brought to have these stocks and bonds brought into the assets of the estate, so that the orator may have his share of them. The orator's interest in them depends wholly upon whether they were a part of the estate of the testator at the time of his death. If they were, his share in them goes to him by the will; if they were not, nothing of them would pass by the will to him, or any one. There is no question as to mental capacity, nor as to the rights of creditors, nor in any way as to the right and power of the testator to give or dispose of these securities to Loomis, or the beneficiaries, or any one else, in any manner he might see fit. The sole inquiry is as to the effect of of what he did do. He could control the disposition of his estate after his death only by will, executed according to the statute of wills; but he could divest himself of this property during life by mere delivery and transfer, such as he fully accomplished. Had there been no reservations, there could have been no question. But these reservations were all optional and personal to himself. If he did not exercise his right to them, they were gone. He died without exercising the right, and it expired with him, leaving the property absolutely gone out of his estate, and wholly beyond the orator's rights. The transaction was in Vermont, (governed by Vermont laws,) which fully uphold it in this view. *Blanchard* v. *Sheldon*, 43 Vt. 512. Upon the case made, there is no relief to which the orator is entitled.

Let there be a decree dismissing the bill, with costs.