Misc.]    Surrogate's Court, Kings County, March, 1918.

Matter of Petition of Franklin Trust Company, as Sole Surviving Trustee, and Elizabeth M. Amsden and Frederic W. Bancroft, as Administrators C. T. A. of Maria P. Jarvis, Deceased Trustee, to Render and Settle their Account as Trustees as Aforesaid, of George A. Jarvis, Deceased.

(Surrogate's Court, Kings County, March, 1918.)

Wills — power of appointment contained in husband's will — direction to apply fund — trusts.

Where testatrix was the donee of a power of appointment in her husband's will she was within her rights in directing her executor to apply the fund, the subject matter of the appointment, to any use to which her individual estate could be devoted, though her will made no mention of the power or of the estate which was the subject thereof.

Proceeding upon accounting by trustees.

Morgan, Lockwood & Brown (John Hill Morgan, of counsel), for Franklin Trust Company, sole surviving trustee under the will of George A. Jarvis, deceased.

Leonard & Walker, for administrators c. t. a. of Maria P. Jarvis, deceased.

Thomas G. Prioleau, for George J. Bancroft, Frederic W. Bancroft and Mary McLean Bancroft, beneficiaries under the will of Maria P. Jarvis, deceased.

Zabriskie, Murray, Sage & Kerr, for General Theological Seminary of the Protestant Episcopal Church of the United States.

Curtis, Mallet-Prevost & Colt, for Trinity College.

Ketcham, S.   All the parties justly concede that the testatrix, who was the donee of a power of appoint-

ment contained in her husband's will, did exercise that power by a will which disposed of her whole estate without mention of the power or of the estate which was the subject thereof.

It remains only to determine to whom the fund was appointed, whether to beneficiaries personally, who should take directly from the older estate, or to the executors of the later estate for the purpose of application to the legacies which they were directed to pay.

Examination of the will of the donee of the power, pursued in the light of authority and of the condition of the estate of the testatrix, leads to the conclusion that the appointment was made for the purpose of paying her legacies in such proportion as the appointive fund should bear to the amount of her individual estate, and that the persons upon whom such appointment fell were the executors, whose duty it was to pay such legacies and who were, therefore, the only persons who could conveniently ascertain the proportions of payment and the amounts necessary to be distributed from either the individual or the appointed estate.

This is the clear effect of the judgment which was entered in *Hutton* v. *Benkard*, 92 N. Y. 295, as it appears in the case on appeal, although it cannot be seen that the form or substance of the judgment was especially discussed. No other form of judgment, however, could possibly coincide with the views which were expressed in that case in the General Term and in the Court of Appeals.

In the General Term (*vide* case on appeal), Daniels, J., bases his conviction that the will of the donee of the power was a valid exercise of the power upon his argument that " in no possible view was her (testatrix's) other property sufficient to meet the legacies and bequests made by her without resorting to the capital of the trust estate; " that " it is to be presumed

that she intended to execute the power of appointment reserved to her for the purpose of satisfying her bequests.    For in no other manner could she have expected, under the circumstances, that they could be paid or satisfied; '' that '' there is no reason whatever for supposing that she intended to make bequests that could not, in the adjustment of the affairs of her estate, be paid and discharged; that '' the presumption is directly of the opposite character, that she intended that all her bequests and legacies should be paid out of the property subject to her disposition '' (under the power); that '' after satisfying all her particular bequests she expected there would still be a residue of her estate to be divided among the institutions and societies designed to be benefited by the residuary clause,'' and that '' such bequests can only be discharged by including the trust estate within the terms of her will.''

In the same case, Judge Earl, in the Court of Appeals, in view of the fact that the trust under which the testatrix held the power was a trust created by her for her own benefit, says: '' Hence, it would not be unnatural for her, when she came to make a will, to treat this trust property, which she had the same right to dispose of by will to any person whatever, as she had to dispose of her own property, as if it were, in fact, absolutely hers.''

From these expressions, it must be seen that, unless by an appointment to the executors to merge the trust property into the processes of administration and distribution, there was no way by which it could be made available for the satisfaction of legacies, or for division among residuary legatees or for distribution within the terms of the will.    In no other way than by such appointment could the testatrix fully exercise the

Surrogate's Court, Kings County, March, 1918.   [Vol. 103.

same right to dispose of the appointive estate, "as she had to dispose of her own property."

In a like·case, it is said: "The will purports to convey all the real and personal property of Mrs. Mildeberger (the donee of the power), and by force of the statute the power of appointment is presumed to be exercised in the same direction * * *. The statute steps in and sends the property, subject to the power, in the same direction as that in which the testatrix has sent her own property." *Lockwood* v. *Mildeberger*, 159 N. Y. 181.

It was lawful for the testatrix in the case at bar to designate an individual to receive the fund over which she held the power of appointment, and in that event her appointee would take from the older estate directly without the intervention of the executors of her own estate; but it was equally within her right to designate her executors to apply the fund to any use to which her individual estate could be devoted. It certainly will be recognized that she could have appointed this fund to her executors, with a direction for its distribution, if she had done so expressly; but no less certainly could it have been done, as it seems to have been done, by all the implications surrounding her conceded act of appointment.

The decree will direct payment of the fund held by the trustees of the husband's will to the administrators with the will annexed of the wife's estate. This direction need not be withheld from any fear that the comptroller will hold the trustee personally liable for the transfer tax, if not paid by it from the trust fund derived from the older estate. *Matter of Seaver*, 63 App. Div. 283; *Matter of Lowndes*, 60 Misc. Rep. 506; *Matter of McLean*, N. Y. L. J. July 18, 1914; *Matter of Tillinghast*, 94 Misc. Rep. 50, 76.

Decreed accordingly.