THE SYRACUSE TRUST COMPANY, as Trustee under a Voluntary Trust Agreement, Plaintiff, *v.* CHESTER DADA FULLER and Another, as Executors, etc., of CORA A. SAGER, Deceased, and Others, Defendants.

Supreme Court, Onondaga County, November 26, 1930.

*Estabrook, Estabrook & Harding* [*William S. Estabrook* of counsel], for the plaintiff.

*Waters & Hodges* [*Louis Waters* of counsel], for the defendant Fuller, as executor.

*George G. Decker,* for the defendant Sager.

*Hubert C. Stratton,* for the defendant Tennyson.

DOWLING, J. Plaintiff brings this action for judgment settling its account as trustee under a voluntary trust agreement made by Cora A. Sager November 11, 1929, and for instructions as to its duties respecting the payment and distribution of the trust estate to the persons who may be entitled thereto. Said agreement is as follows:

" This Agreement, made, executed and delivered in the City of Syracuse, New York, the 11th day of November, 1929, by and between Cora A. Sager, of the City of Syracuse, New York, (hereinafter called the ' Settlor '), and The Syracuse Trust Company, of Syracuse, New York (Hereinafter called the ' Trustee ')

" WITNESSETH:

" *First.* That the settlor hereby assigns, transfers and sets over

unto the Trustee and its successors the sum of Forty-five Hundred ($4,500.00) Dollars in cash, receipt of which is hereby acknowledged by the Trustee, to have and to hold unto the trustee and its successors in trust, however, for the uses and purposes following:

" To care for, manage and control the same, and to invest, reinvest and keep invested the said fund, and to pay over the net income from said trust fund to the Settlor in quarterly payments during her life, and upon her death to pay over said trust fund, or so much thereof as shall then remain, after deducting the legal fees of the Trustee and the necessary expenses of the administration of the trust, to such person or persons and in such shares as said Settlor may, by her last Will and Testament, appoint, and in default of such appointment to such person or persons as shall then constitute the heirs at law of the Settlor, as in the case of the inheritance of real property according to the laws of the State of New York.

" *Second*. The Settlor, during her life, shall have the right to require from the Trustee the payment of any part or all of the principal of said trust fund.

" *Third*. The trustee may receive securities or other property or further sums of money assigned or set over to it by the Settlor for the purposes of the trust hereby created, and all such securities or other property or sums of money shall be held by the Trustee subject to the terms hereof in the same manner as if it had been included in this assignment.

" *Fourth*. The Trustee shall have full power and authority, in its absolute and uncontrolled discretion, to invest and reinvest any of the trust funds held hereunder in such amounts as it may see fit in such property, real or personal, as it may in its absolute and uncontrolled discretion deem advisable, altho the same may not be of the character permitted for trustees' investments by the ordinary rules of law. It shall also have full power and authority, in its absolute and uncontrolled discretion, to improve, sell, lease, mortgage or exchange the whole or any part of such property, whether real or personal, upon such terms and conditions as may to it seem advisable.

" *Fifth*. The trust hereby created shall be deemed a New York trust and shall in all respects be governed by the laws of the State of New York.

" *Sixth*. The Settlor shall have the power at any time during her life, by notice in writing delivered to the Trustee, to terminate this agreement, and the Trustee may likewise, by written notice delivered to the Settlor, terminate this agreement, and the Settlor shall thereupon be entitled to receive and the Trustee shall reassign

and reconvey to her the principal of said trust fund, together with all accumulated income thereon then in its hands.

"*Seventh.* The Trustee, during the term of the trust, shall render to the Settlor at least annually, a statement of its receipts and disbursements.

"*Eighth.* The fees of the Trustee shall be the fees prescribed by the laws of the State of New York for trustees.

"*Ninth.* The Trustee accepts the said trust and agrees to carry out the provisions hereof on its part.

"IN WITNESS WHEREOF, the Settlor has hereunto set her hand and seal, and the Trustee has caused these presents to be executed by its duly authorized officer and its corporate seal to be hereunto affixed as of the day and year first above written.

"CORA A. SAGER    [L. S.]

"By HAROLD C. BEATTY,

"*Vice President.*

"K. WICKS, *Secy.*

"Attest."

The trustee accepted the trust and entered upon the discharge of its duties and continued in the discharge thereof until the 26th day of January, 1930, when the settlor, a resident of Syracuse, died, leaving a will and codicil thereto, of which the following are copies:

"I, Cora Adele Sager, of the City of Syracuse, Onondaga County, New York, do hereby make, publish and declare this to be my last Will and Testament, as Follows:

"*First.* After all my funeral expenses and just debts are paid and discharged, I give and bequeath to the Cortland County Historical Society, of Cortland, New York, the sum of One Hundred Dollars ($100.00), the painting (portrait) of my mother, Nancy Pamelia Fisk Sager, and the Civil War relics which were collected by my father, Major Aaron Sager, and also the family relics which I have collected and put in a suit case at my residence, No. 230 Euclid Avenue, Syracuse, N. Y. I have given to the Cortland County Historical Society a list of the said Civil War relics and family relics.

"*Second.* I give and bequeath to each of the persons named in this subdivision of my Last Will and Testament, the article or articles of personal property referred to after the name of each, as follows:

"To my sister, Lillian Sager Chadwick, now of 103½ Comstock Avenue, Syracuse, N. Y., the upholstered Walnut reclining chair which was my father's, my gold rose pin, and all my clothing.

" To my sister, Edith Sager Grant, now of 125 Riverdale Avenue. Toronto, Canada, my gold bracelet, gold banded chain, and boudoir lamp.

" To my brother, Aaron Sager, now of 234 West Castle Street, Syracuse, N. Y., my gate-leg walnut table, two (2) small upholstered mahogany chairs, Italian lamp, and all my silver and cut glass.

" To my brother, Robert Tennant Sager, now of 189–11 Mangin Avenue, Hollis, Long Island. all my books and pictures not herein otherwise disposed of.

" To my sister-in-law, Helen Sager, now of 189–11 Mangin Avenue, Hollis, Long Island my pendant of Kingfisher's feathers and gold.

" To my aunt, Emily Sager Hubbell, now of 230 Euclid Avenue, Syracuse, N. Y., my diamond bracelet, and crocheted filet lunch cloth.

" To my niece, Emily Chadwick Fuller, now of University Avenue and Marshall Street, Syracuse, N. Y., my violet enamel pin, foreign post card album, antique mahogany bureau and all towels.

" To Chester Dada Fuller, now of University Avenue and Marshall Street, Syracuse, N. Y., my nephew by marriage, my Hogarth book.

" To Gordon Leonard Tennyson, now of 19615 Riverview Avenue, Rockey River, Ohio, my nephew by marriage, three (3) volumes Audobon's ' Mammals,' one (1) volume ' Bird Neighbors,' and three (3) volumes of the works of Louis Figuier ' Reptiles and Birds,' ' The Vegetable World ' and ' Mammalia.' I request that he shall give the Audobon volumes to his son, John Tennyson, when said son shall arrive at the age of eighteen (18) years, and that he shall give the other volumes above named to his son Robert Tennant Tennyson, when said son shall arrive at the age of eighteen (18) years.

" To Cora Adele Perry Tennyson, wife of said Gordon Leonard Tennyson, my niece, my gold monogramed watch, and all my bedding.

" To my niece, Charlotte Sager Hurst, now of 234 West Castle Street, Syracuse, N. Y., my turquoise necklace and all table linen, except the lunch cloth hereinbefore bequeathed.

" To my niece, Mildred Sager, now of 189–11 Mangin Avenue, Hollis, Long Island, my diamond and sapphire ring, antique pewter candlestick, London German silver sugar bowl and Chinese pewter mug.

" To my niece, Hazel Virginia Sager, now of 189–11 Mangin

Avenue, Hollis, Long Island, my coral and pearl necklace, French Lamp, (antique) and French Marlborough plaque (antique).

" To my sister-in-law, Jane Phillips Sager Moleswarth, now of 1611 Cortland Avenue, Detroit, Michigan, my mahogany writing table and mahogany rocking chair.

" *Third.* All the rest, residue and remainder of my estate shall be divided into five (5) equal parts or shares: and I hereby give and bequeath one (1) of such shares (one-fifth) 1/5 of said residuary estate to each of the following named persons:

" My said sister, Lillian Sager Chadwick.

" My said brother, Aaron Sager.

" My said sister, Edith Sager Grant.

" My said brother, Robert Tennant Sager.

" My said niece, Cora Adele Perry Tennyson.

" *Fourth.* I make, constitute and appoint my said brother Aaron Sager, and my said nephew by marriage, Chester Dada Fuller, both of the City of Syracuse, Onondaga County, New York, to be executors of this, my Last Will and Testament, hereby revoking all former wills by me made.

" IN WITNESS WHEREOF, I have hereunto subscribed my name this 3rd day of October, 1929.

" CORA ADELE SAGER.

" CODICIL TO THE LAST WILL AND TESTAMENT OF CORA ADELE SAGER.

" I, Cora Adele Sager, of the City of Syracuse, Onondaga County, New York, do make, publish and declare this to be a Codicil to my Last Will and Testament, dated October 3, 1929, as follows:

" *First.* I give and bequeath to Chester Dada Fuller, my nephew by marriage, the sum of Five Hundred Dollars ($500.00).

" *Second.* I give and bequeath to my niece, Emily Chadwick Fuller, the sum of Five Hundred Dollars ($500.00).

" *Third.* I give and bequeath to my brother, Aaron Sager, my picture of the Castle of Chillon.

" *Fourth.* Each of the foregoing bequests is in addition to the specific bequests to each of said legatees in my said Last Will and Testament.

" *Fifth.* In all other respects I ratify and confirm the provisions of my said Last Will and Testament.

" IN WITNESS WHEREOF, I have hereunto subscribed my name this 4th day of January, 1930.

" CORA ADELE SAGER."

Said will and codicil were probated in the Surrogate's Court of Onondaga county, March 5, 1930, and letters testamentary were

duly issued to defendants Fuller and Sager, who duly qualified as such and since then have been, and now are, acting as such executors.

In and by said last will the settlor-testatrix provided that, after the payment of certain small, general money legacies and certain specific bequests, the residue of her estate should be divided into five equal shares, and she gave her two sisters, two brothers and niece a share each.

It is conceded that the trustee has in its hands unadministered assets of the trust estate amounting, as of July 28, 1930, to $4,314.16.

A controversy has arisen between the trustee and the executors of the estate of Cora A. Sager, as to who is legally entitled to administer the moneys remaining in the hands of the said trustee. The executors of said estate claim that the said fund should be ·paid to them for disposition pursuant to the will of Cora A. Sager. The trustee maintains that the trust estate should be distributed by it to the aforesaid persons designated by the settlor of the trust in her last will. Accordingly the plaintiff instituted this action for an accounting and for instructions as to its duties in respect to the distribution of said trust fund.

The complaint recites the making of the trust agreement, the performance of the trust by the parties thereto, except as to the revocation thereof, the death of the settlor, the, making and probating of her last will and codicil, the appointment and qualification of executors thereunder, the right of the trustee to distribute the remaining trust estate, the lack of jurisdiction of the Surrogate's Court in the premises, with a prayer that the account be settled, and that the trustee be authorized to distribute the trust fund to the five persons so designated in the will of the settlor to receive the same. The answer of the executors admits all of the facts alleged in the complaint, except it denies the right of the trustee to distribute said trust fund and alleges the right of the executors to administer the same as part of the assets of the estate of Cora A. Sager, and that the Surrogate's Court has jurisdiction in the premises. The answer of the defendant Cora Adele Perry Tennyson admits all of the allegations of the complaint and prays for the same relief as the plaintiff.

The case was submitted upon the pleadings, the parties orally ·stipulating that only a question of law was involved.

The executors base their right to administer the trust fund herein upon the following grounds:

" That the deceased gave all of her personal property, not specifically bequeathed, to the five persons aforementioned.

" That the said trust fund was not specifically bequeathed.

" That the decedent, Cora A. Sager, owned the said trust fund at the time of her death, and, in the trust agreement, had reserved her right to dispose of it by will.

" That under the residuary clause of her Will, she did appoint persons who were to share in the distribution of said trust fund, as required by said trust agreement.

" That such residuary legatees received their only right to a share of said trust fund by virtue of said residuary clause in said will.

" This residuary clause must be deemed to give to the residuary legatees, all the testatrix's estate, which remains after effectuating the previous provisions of the will, including any and all reversionary interests and sums held in trust for life interests. And it was a valid and complete exercise of the powers of appointment, which she reserved to herself in the trust instrument and the property thus disposed of was a part of her estate. In such a trust the interests of the persons named as beneficiaries do not vest until the exercise of the power under the will of the settlor and are regarded as interests under the will.

" The executors are entitled to commissions on the amount of said trust fund and are entitled to have the same paid over to them, even though the individual legatees are entitled thereto, and to distribute the same.

" The executors take absolute title to all personal property of their testator, and the legatee has no complete title, even to a specific legacy, until the administration is closed.

" The amount payable to each of said five persons out of said trust fund will depend on how much has to be paid out of the estate for specific legacies and debts and administration expenses and cannot be determined until the amount of debts, commissions, taxes and administration expenses has been determined. Under the provisions of sections 220 and 230 of the Tax Law (as amd.), property passing under power of appointment is taxed on the transfer by the exercise of that power, the same as if the donee of the power (Cora A. Sager, deceased), was the owner of the property and had bequeathed said property by will."

The plaintiff, trustee, bases its right to distribute said fund upon the following grounds:

"Although the agreement was not specifically referred to in the will of the decedent, the gift of all of the rest, residue and remainder of her estate, was a proper execution of the power reserved for her will, a study of which will does not indicate any implication that, in the making up of the residue and remainder, she did not intend the principal of this trust fund to be distributed under the terms of the said will.

" The source of the title of the remainder of the trust fund is the trust agreement not the will and the determination of its ownership should

be made by incorporating the residuary clause of the will in the trust agreement."

Upon the creation of said trust estate the legal title thereto vested in the beneficiaries to be appointed in the settlor's will, if she made one, to receive the same, otherwise in her heirs at law as in the case of the inheritance of real property according to the laws of New York, subject to the rights of creditors, to the life use of the settlor, her right to use any or all of the principal of the fund, and the right of the settlor or the trustee to revoke said trust. Such a revocation does not revoke the trust except as far as the interests of creditors may be concerned. The settlor having died without the power of revocation having been exercised, either by her or by the trustee, such power died with her and may be regarded as if not provided for in the trust agreement. (*Barlow* v. *Loomis*, 19 Fed. 677; *Brown* v. *Austen*, 35 Barb. 341, 363; *Van Hesse* v. *Mac-Kaye*, 136 N. Y. 114, 119; *Grafing* v. *Heilmann*, 1 App. Div. 260, 262, 263; *Martin* v. *Martin*, 46 id. 445, 447; *Brown* v. *Spohr*, 87 id. 522, 530, 531; *Schreyer* v. *Schreyer*, 101 id. 456, 460; *Schenck* v. *Barnes*, 156 N. Y. 316, 320, 324; *Newton* v. *Hunt*, 134 App. Div. 325, 330, 331; *Matter of Davies*, 242 N. Y. 196, 201, 202; Pers. Prop. Law, § 34.)

There is no proof in this case that there are any creditors of the estate of the settlor; hence, that question is eliminated from consideration.

Assuming, however, the testatrix died owing debts and leaving an estate over and above the said trust fund, I am of the opinion that her creditors would have to exhaust said estate before they could reach the funds in the hands of the trustee and then the executors could demand only enough of the trust fund to satisfy the unpaid claims of creditors. (Real Prop. Law, § 145.)

Manifestly, Cora A. Sager intended to create an effective trust. Her intention should not be nullified, if there be any other rational theory of sustaining it. In the case of *Van Cott* v. *Prentice* (104 N. Y. 45) it was said (at p. 53): " *We ought not to put the creator of this trust in the attitude of deliberately nullifying his own evident purpose. That he meant to create an effective trust is beyond all question, and a construction which makes him destroy in the very effort to create, should not prevail if there be any other rational interpretation.*" Obviously Cora A. Sager did not intend that this little trust estate should be depleted by the payment of commissions to both trustee and executors which would be the fact if turned over to the representatives of her estate. Her intention was to keep the trust agreement on foot and to use the will for the sole purpose of designating the beneficiaries of, and fixing their

respective shares in, the said fund, leaving it to the trustee to make distribution, unless creditors intervened.

Section 145 of the Real Property Law is as follows: " Effect of power to revoke. Where the grantor in a conveyance reserves to himself for his own benefit, an absolute power of revocation, he is to be still deemed the absolute owner of the estate conveyed, so far as the rights of creditors and purchasers are concerned."

The executors assert, which is true, that the rule established in said provision applies with equal force to similar conveyances of personalty. But there being no rights of creditors involved here said section does not apply and, if it did, the trust would be affected only to the extent of liquidating the rights of creditors. The remainder would still be distributed by the trustee.

Section 18 of the Personal Property Law provides as follows: " Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication."

Both plaintiff and defendants assert that the residuary clause of the will in question is a proper execution of the power of appointment contained in the trust agreement. If this be the fact, then under the provisions of said section, if it applies here, the trust fund passed under the will and should be administered by the executors as part of the estate of their decedent. I am of the opinion, however, that the testatrix did not intend the will to operate as an execution of the power contained in the trust agreement; that she executed that power under the trust agreement and that she merely designated the beneficiaries and fixed their shares in the residuary clause of her will, and intended that such clause should be read into the trust agreement. In other words, she intended that her appointees, namely, the persons mentioned in the residuary clause of the will, were to take from the older estate, which is the trust estate. (*Matter of Franklin Trust Co.*, 103 Misc. 143, 146; *Guaranty Trust Co.* v. *Halsted*, 245 N. Y. 447, 459.)

The fact that the trustee was ignorant of the persons who were to be designated in the testatrix's will is unimportant. (*Van Cott* v. *Prentice*, 104 N. Y. 45, 56.)

The executors also contend that the trust fund should be delivered to them, as they alone can conduct transfer tax proceedings.

Under subdivision 4 of section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330) the exercise of the power under the trust agreement is deemed a transfer taxable under the Tax Law. Section 224 of the Tax Law (as amd. by Laws of 1921, chap. 476) renders

the trustee personally liable for the payment of the tax until such time as it shall be paid. It also authorizes the trustee to sell so much of the property as may be necessary for the payment of such tax. Consequently, the trustee is fully authorized and obligated to conduct transfer tax proceedings, and to see that the requisite tax is paid. The exercise of the power of appointment shall be treated as a transfer and taxed on that basis. (*Matter of Trainer*, 248 N. Y. 171, 173.) The trustee, and not the executors, is charged with the duty of paying said tax. (Tax Law, § 224.)

The Surrogate's Court is without jurisdiction to pass upon the questions involved in this litigation. (*Matter of Crosley*, 136 Misc. 688, 690.)

The plaintiff is entitled to judgment settling its account, as presented, and directing it to transfer and pay the principal of the trust fund, after payment of transfer taxes, and the claims of creditors, if any there be, to the beneficiaries named in the residuary clause of the will of the deceased, in the following proportions, to wit: Lillian Sager Chadwick, one-fifth; Aaron Sager, one-fifth; Edith Sager Grant, one-fifth; Robert Tennant Sager, one-fifth; Cora Adele Perry Tennyson, one-fifth.

Findings and judgment accordingly, with costs.