WESLEY HAMILTON, *et al.*, v. FLORIDA NATIONAL BANK OF JACKSONVILLE, as Trustee, *et al.*

151 So. 409.

Division B.

Opinion Filed November 1, 1933.

Petition for Rehearing Denied December 7, 1933.

*Stockton, Ulmer & Murchison, Holland, Rogers & Hazard* and *Frank Thompson,* for Appellants;

*Fleming, Hamilton, Diver & Lichliter,* for Appellees.

WHITFIELD, P. J.—This suit is to determine whether the provisions of a will dated April 18, 1925, are legally effective to execute a power of appointment contained in a deed of trust executed by the testatrix April 1st, 1926, covering all of her property.

The will contains the following:

"That I, ANNA L. RISING, of the City of Jacksonville, County of Duval, State of Florida, being of sound and disposing mind and memory, do make, publish and declare this to be my last will and testament and declare this my intention and purpose herein and hereby to dispose of all the lands, personal estate and property of every kind which I may hold at the time of my decease, together with all other property, real, personal or mixed, of which I may have the power to dispose at the time of my decease, and also all contingent, executory or other future interests in any real or personal property, whether I may or may not be ascertained as the person or one of the persons in whom the same may respectively become vested, hereby revoking all former wills and testamentary papers by me made.

"*First.*—I direct that my just debts and the proper expenses of my funeral be fully paid as soon after my decease as the same may be conveniently done.

"*Second.*—I give, devise and bequeath to Mrs. E. Lunny, of Philadelphia, Pennsylvania, the sum of Five Hundred Dollars ($500.00) to have and to hold the same for her sole use and benefit absolutely and forever.

"*Third.*—I give, devise and bequeath to Mrs. Margaret CARMICHAEL, of Philadelphia, Pennsylvania, the sum of Five Hundred Dollars ($500.00) to have and to hold the same for her sole use and benefit absolutely and forever.

"*Fourth.*—I give, devise and bequeath to GEORGE H. WELLER, of Jacksonville, Florida, the sum of Five Hundred Dollars ($500.00) to have and to hold the same for his sole use and benefit absolutely and forever.

"*Fifth.*—I give, devise and bequeath all the rest, residue and remainder of my property, real, personal or mixed, and wheresoever situated, equally between HARRY W. HAMIL-

ton, of Philadelphia, Pennsylvania, and BERTHA. W. COOK, of Philadelphia, Pennsylvania, share and share alike, for their sole use and benefit absolutely and forever."

The deed of trust provides that the settlor has assigned and set over designated securities "in trust to invest and keep the same invested, and to pay over the net income unto the said settlor so long as she shall live" * * * "upon the death of the settlor, the principal of the trust estate shall be distributed and made over in accordance with the provisions of the last will and testament of the settlor, and in default of appointment by last will and testament, the principal shall be made over to her next of kin under the laws of Pennsylvania now in existence * * *."

Section 5459 (3594) Compiled General Laws, 1927, provides:

"Every general or residuary devise or bequest in a will shall be construed to apply to the property owned by the testator at the time of his death, unless restricted in the will to that owned by him at the time of the execution of the will."

The will expressly states that its bequests are of property which the testatrix may hold *at the time of her decease,* together with all other property of which she may have the power to dispose *at the time of her decease.*

In view of the quoted statute and of the terms of the will, it seems clear that the provisions of the will bequeathing all of the property held by the testatrix, together with all of the property of which she may have the power to dispose at her death, were intended to be effective and in law were effective as of the time of the decease of the testatrix. It seems clear that a power of appointment to be executed by the last will and testament of the settlor, may be executed by a will made before the trust deed is

made, if such is the intent of the party who is making the trust deed reserves a power to be executed by the last will and testament of the settlor, which is effective for the purpose at the death of the settlor. No rule or principle of law would be thereby violated, and the valid intent of the settlor testatrix would be effectuated with reference to the disposition of her own property.

The will states that "I * * *, do make, publish and declare this to be my last will and testament and declare this my intention and purpose herein and hereby to dispose of all the lands, personal estate and property of every kind which I may hold at the time of my decease, together with all other property, real, personal and mixed, of which I may have the power to dispose at the time of my decease," and after making these specific bequests of $500.00 to each of three designated persons, bequeated "all the rest, residue and remainder of my property" equally between two named persons. About a year later the testatrix transferred all of her property in trust for the benefit of the settlor, with a provision that "upon the death of the settlor the principal of the trust estate shall be distributed and made over in accordance with the last will and testament of the settlor, and in default of appointment by last will and testament, the principal shall be made over to her next kin," etc. At the settlor's death the trust estate was wholly personal property and the settlor had no other property except personal articles and less than $300.00 in bank. The trust deed conveyed to the trustee the bare legal title to the property, but in trust for the settlor and for those sums she may appoint in her "last will and testament." The trust deed did not transfer the beneficial estate in the settlor's property, and the trust deed did not in law annul the will then in existence. The trust deed shows no intent of the settlor

to revoke her existing will, but it expressly provides that upon the death of the settlor the trust estate shall be distributed "in accordance with the last will and testament of the settlor." The will of the settlor executed before the trust was created was and is "the last will and testament of the settlor." It purports to provide for the distribution of all of the property held by the testatrix at her decease, together with all other property of which she may have the power to dispose at the time of her decease. She had at her death very little property except that covered by the trust deed made by her; and all the trust estate was needed to satisfy the specific and general bequests. The power of appointment was not conferred upon her by another, but it was reserved by her in her trust deed.

Under the statute and by the terms of her last will, it operates as of the death of the testatrix without reference to the time it was executed by her. At the time her "last will and testament" whenever executed became effective; and if it contains provisions that in law are sufficient to execute the power of appointment under the trust deed, such testamentary provisions should effectuate the power of appointment, since it is manifest that it was her intent that the will should so operate. It is not material in law whether the last will and testament was executed before or after the creation of the trust estate. The will speaks as of the death of the testatrix, and the trust deed provides that "upon the death of the settlor the principal of the trust estate shall be distributed and made over in accordance with the last will and testament of the settlor." The trust deed does not require the exercise of the power of appointment by a will executed after the creation of the trust, or by a will executed in any particular manner; but only that at the death of the settlor the estate "shall be distributed

and made over in accordance with the provisions of the last will and testament of the settlor."

The will executed before the trust deed, being in force at the death of the testatrix, appropriate effect should be given to all of its provisions if they are consistent with law and show the intent of the testatrix with reference to the disposition of her property including any property as to which she may have the right of appointment or distribution at her death. The will is consistent with the trust deed, and the will can be made effective only by its application to, and the use of, the trust estate consistently with the power of appointment reserved in the trust deed. The power would then be executed "in accordance with the provisions of the last will and testament of the settlor," as required by the trust deed made by the beneficial owner of the property who executed both the will and the trust deed.

In creating the trust estate the settlor expressly reserved the right to distribute the principal of the trust estate "in accordance with the last will and testament of the settlor." As the settlor's existing will, if it be not abrogated, would at her death be effective to control the distribution of "the principal of the trust estate" as being "in accordance with the last will and testament of the settlor," then there was no necessity, either in law or to effectuate the intent of the testatrix-settlor, for her to make another will or to republish the then existing will; and consequently there was no "default of appointment by last will and testament" of the settlor, since the existing "last will and testament" of the settlor-testatrix which became operative at her death, disposes of all the property covered by the trust deed "in accordance with" the manifest testamentary intent of the settlor-testatrix, which is duly expressed in her last will

and testament and is not contrary to law, and comports with the intent and purpose of the trust deed.

It may be inferred from the provisions of the will that the testatrix contemplated making a trust deed for her benefit covering all of her property, reserving the power to appoint the beneficiaries of the estate after her death, since the will provided for the distribution of all of the property held by her at the time of her decease, together with all the property of which she may have the power to dispose at the time of her decease. The terms of the trust deed subsequently made by the testatrix accord with the contemplated purpose of the will. The property was hers to dispose of as she desired, and in transferring the property to a trustee in trust for her benefit during her life, with a provision that at her death the principal of the estate shall be distributed in accordance with the provisions of her last will and testament, she thereby reserved control of the uses, both during her life and after her decease, of the property put in trust. The provision in the trust deed that "in default of appointment by last will and testament" the principal of the settlor's estate "shall be made over to her next of kin," was intended to direct the distribution of the estate after her death, in case she should revoke the will then in existence or otherwise fail to provide by last will and testament for the distribution of the estate at her death. As she left a last will and testament which, though made before the trust deed, is effective to provide for the distribution of the estate at her death as contemplated by the trust deed, there is no default in executing the reserved power of appointment.

As under the law and by the express terms of the will, the bequests made became effective at the death of the testatrix, and as the will expresses an intention and purpose

to dispose of all the property of which the testratrix may have the power to dispose at the time of her decease, and as the testatrix does bequeath the residue of her property to take effect at her death, and as the trust deed provides that upon the death of the settlor the principal of the trust estate shall be distributed and made over in accordance with the provisions of the last will and testament of the settlor, no statute is needed to give effect to the provisions of the will made before the execution of the trust deed, the property being the same that is referred to in the will and in the trust deed, and the bequests made by the will being in accord with the *reserved* power contained in the trust deed by the beneficial owner of the property.

"A power may be validly exercised by a will executed prior to the creation of the power, where the intention to execute such a power appears." 40 C. J. 1284; Sec. 64 L. R. A. 888, notes.

Where the owner of property transfers it in trust for the owner for life, reserving a power of appointment to designate the beneficiaries of the estate after the death of the settlor, such reserved power of appointment may be executed by the provisions of a preexisting will of the settlor which takes effect as of the death of the testator, if that is the intent of the settlor as shown by the consistent provisions of the trust deed and of the will, and such provisions are not illegal. The lawful intent of the settlor-testator, as shown by the trust deed and the will is controlling.

In Dunn Dibble's Appeal, 85 Pa. St. 94, 99, where the will was made before the power was created, the court held that "the intention to execute the posterior power cannot be fairly inferred from the antecedent will, without a republication."

This indicates that the intent of the testator is a controlling consideration. The pertinent facts were quite unlike those in the instant case.

In Matheson v. Goddard, 17 R. I. 299, 21 Atl. 914, it is stated that "there is one way, however, in which it may be that a power can be executed by a preexisting will namely, where the power is created or reserved with the intent that it shall be so executed, in case the will is left to take effect." 21 Atl. 915.

In Webb v. Jones, 36 N. J. Eq. 163, where the power of appointment was contained in a marriage settlement, it is said the testatrix "evidently intended that the provision made in the settlement for the distribution of her estate after her death should supersede the provisions of the then existing will, and she may have been advised that her marriage would be a revocation of the will."

In Howard v. Caruse, McArthur and Mackey's Reports (D. C.) 260, a will preceded a deed giving a power of appointment to such persons as the settlor *"may,* by his last will and testament or other paper writing under his hand and seal, by two persons witnessed, designate and direct;" which the court held required a subsequent will. The court further held the prior will to have been revoked by a subsequent conveyance of the property in fee simple absolute.

The foregoing and other cases cited by counsel for the appellants are plainly distinguishable from this case, in which the maker of the will and of the subsequent trust deed, clearly manifests an interest that the subsequently reserved power of appointment may be executed by her prior will which is consistent with the power as conferred, and such execution of the power does not violate the law.

Affirmed.

Davis, C. J., and Ellis, Terrell, Brown and Buford, J. J., concur.

PETITION FOR REHEARING.

Per Curiam.—Counsel for appellants have filed a petition for rehearing. Matters stated in the petition were not overlooked by the Court.

The "last will and testament" of Anna L. Rising, executed April 18, 1925, disposed of all "property of every kind which" the testatrix "may hold at the time of" her "decease, together with all other property, real, personal or mixed of which" the testatrix "may have the power to dispose at the time of" her "decease." The will expressly disposes of all property "of which I may have the power to dispose at the time of my decease." No statute or judicial presumption is needed to make the will applicable to a power of disposition the testatrix had *at the time of her decease,* when the will and the subsequently reserved power in the trust deed are consistent in manifesting the intent of the testatrix-settlor with reference to the disposition of her property.

The deed of trust executed April 1, 1926, by Anna L. Rising "called the settlor" did not make an absolute conveyance of the beneficial interest in any of the property and did not revoke the will. It merely assigned the settlor's property to a trustee in trust to "keep the same invested, and to pay over the net income unto the said settlor so long as she shall live," and provided that "upon the death of the settlor, the principal of the trust estate shall be distributed and made over in accordance with the provisions of the last will and testament of the settlor, and in default of appointment by last will and testament, the principal shall be made over to her next of kin," etc. The reference in the trust deed to the power of appointment, is to "the provisions of the last will and testament of the settlor," which means

the will that is in force at the death of the settlor, whether such will be executed before or after the execution of the trust deed, where as here the will is expressly made with reference to the date of the death of the testatrix and is consistent with the subsequently executed trust deed. The trust deed does not expressly or by implication require the settlor's power of appointment referred to in the trust deed, to be contained in or to be executed by a will to be made by the settlor subsequent to her deed of trust, and the law does not so require. The trust deed is entirely consistent with the provisions of the will. The settlor-testatrix did not have a mere power of appointment given to her by another. Under the trust deed she retained the beneficial ownership of her property for her life, with a reserved power to dispose of the property covered by her trust deed executed for her benefit during her life, the property to be disposed of at her death, "in accordance with the provisions of the last will and testament of the settlor." This court did not hold that the power of disposition reserved by the settlor in her trust deed could not be executed by a subsequent will, or that it could be executed only by the preexisting will. The provision in the trust deed as to the disposition of the principal of the trust estate "in default of appointment by last will and testament" would be applicable in case the settlor should revoke her existing will and not make another before her death.

The trust deed did not make any particular will of the settlor the irrevocable instrument for executing the power of appointment that was reserved in the settlor's deed of trust. It provided that upon the death of the settlor the principal of the settlor's trust estate shall be distributed "in accordance with the provisions of the last will and testament of the Settlor." The trust deed refers to "the last will and

testament of the Settlor." The last will and testament is the latest valid will that is in existence as "the last will and testament" of the testatrix at her death. By the terms of the will if not also under the statute, the will speaks as of the death of the testatrix. In this case the provisions of the will have express reference to the time of the decease of the testatrix; and refer to the disposition of her property including that of which she may have the power to dispose *at the time of her decease*. The property was hers was a stated power of disposition expressly reserved in her trust deed. The property covered by the trust deed was practically all the property the testatrix-settlor had when she made her will and when she executed her trust deed. Under the trust deed the principal of the trust estate was not to go at the settlor's death to her "next of kin" subject to a power of appointment that may be executed, but the "next of kin" were to take "in default of appointment by last will and testament" of the settlor.

The will and trust deed of the testatrix-settlor were both expressly made operative at her death to dispose of her property and to execute the power of appointment as she directed in her last will and testament and in her trust deed. The settlor-testatrix could have made a will after executing the trust deed and therein made any disposition of the trust property she desired to; but as she did not, her existing "last will and testament," executed prior to the trust deed, is legally sufficient to execute the expressly reserved power of appointment to dispose of her own property by her deed of trust, "in accordance with the provisions of the last will and testament of the settlor."

In McFadden v. Lumpkin, 112 S. C. 431, 100 S. E. 168, the court held that the particular conveyance there considered required the execution of a new will.

In Hope v. Hope, 5 Giff. 13, 66 Reprint 902, the court held that the general words of appointment in the will made no reference to the limited and special power as to the property, and failed to evidence an intention to exercise the power.

In Leigh v. Norbury, 13 Ves. Jr. 340, 33 Reprint 321, the court held that the intention was that the deed should operate unless some *subsequent* act should be done to prevent its operation.

In Title Guarantee & Trust Co. v. Ebaugh, *et al.*, 184 N. Y. S. 351, it was held that in the will executed before the trust deed, the testatrix intended by her will to exercise the power of appointment which she may have anticipated.

In United States Trust Co. v. Chauncey, 66 N. Y. S. 563, it was held that where a trust reserves the right of appointment by will to the grantor, an appointment will be effective though made in a will executed a short time prior to the creation of the trust. The trust deed referred to persons appointed by "the last will and testament of the trustor."

An unintended expression appears in one sentence of the opinion. The sentence is corrected to read:

"It seems clear that a power of appointment to be executed by the last will and testament of the settlor, may be executed by a will made before the trust deed is made, if such is the intent of the party who in making the trust deed reserves a power to be executed by 'the last will and testament of the Settlor,' which is effective for the purpose at the death of the settlor."

Rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.